http://www.va.gov/vetapp16/Files5/1639922.txt

Citation Nr: 1639922 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 10-45 078 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida

THE ISSUES

1. Entitlement to an evaluation in excess of 10 percent prior to January 4, 2012, in excess of 30 percent from January 4, 2012 to March 13, 2014, and in excess of 70 percent on and after March 14, 2014, for posttraumatic stress disorder (PTSD).

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 
 

REPRESENTATION

Appellant represented by: Winona W. Zimberlin, Esquire 

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

E. Skiouris, Associate Counsel

INTRODUCTION

The appellant is a Veteran who served on active duty from April 1966 to November 1969. This matter is before the Board of Veterans' Appeals (Board) on appeal from a May 2010 rating decision of the Hartford, Connecticut, Department of Veterans Affairs (VA) Regional Office (RO). The Veteran filed a timely notice of disagreement in July 2010. The RO issued a statement of the case (SOC) in September 2010. The Veteran subsequently perfected his appeal with a VA Form 9 in October 2010. In April 2011, a Video Conference Board hearing was held before the undersigned. A transcript of the hearing is associated with the Veteran's claims file. 

In August 2013, and again in February 2015, the Board remanded the Veteran's claims for further development. 

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of these electronic records. 

FINDINGS OF FACT

1. In July 2016, prior to promulgation of a decision in the appeal, the Board received a statement from the Veteran's representative withdrawing his appeal for entitlement to an increased rating for PTSD. 

2. The issue of entitlement to a TDIU is inextricably intertwined with entitlement to an increased rating for PTSD. 
CONCLUSION OF LAW

The criteria for withdrawal of an appeal with regard to the issue of entitlement to an increased rating for PTSD, and entitlement to a TDIU, have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2014). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2015). Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. In the present case, the Veteran's representative has withdrawn his appeal with regard to the issue of entitlement to an increased evaluation for PTSD, and as TDIU is inextricably intertwined, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal and it is dismissed.

ORDER

The appeal with regard to the issue of entitlement to an increased rating for PTSD is dismissed.

The appeal with regard to the issue of entitlement to a TDIU is dismissed. 

____________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs